UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALANNA L. CUURY, et-al., individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 03-10895-DPW |
| v. | ) ) ) | |
| SELECT PORTFOLIO SERVICING, INC. (formerly Fairbanks Capital Corp.), | ) ) ) ) ) ) | |
| Defendant. | ) ) ) ) ) ) | |

FILED IN CLERKS OFFICE
2009 JAN -8 A 11: 43
U.S. DISTRICT COURT
DISTRICT OF MASS.

**PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE FOR DEFENDANT'S VIOLATION OF COURT'S ORDER OF PERMANENT INJUNCTION AND REQUEST FOR EMERGENCY CEASE AND DESIST ORDER AND REQUEST FOR AN EMERGENCY HEARING WITH SUPPORTING AFFIDAVIT AND PROPOSED ORDER AND PROPOSED NOTICE OF HEARING**

COMES NOW, PLAINTIFF ROSA LEE SUTTON HOLMES and respectfully request that this court issue a rule to show cause why Defendant Select Portfolio Servicing, Inc.(Defendant), should not be **held in contempt for its continued willful failure to comply with the Court's Orders of November 21, 2003, and September 4, 2007, for Permanent Injunction. In support of this motion Plaintiff states:**

1. On November 21, 2003 this Honorable Court, issued an Order Preliminarily Approving Stipulated Final Judgment and Order("Order") by this Court, without trial or adjudication of any issue of fact or law. Further, the Parties agreed that said Order be filed for approval **contemporaneously** with the filing of a motion for approval of the **nationwide class action settlement agreement in Curry, et-al v. Fairbanks Capital Corporation, of which I Rosa Lee Sutton Holmes am a class member. Please see exhibit # 1**

2. Defendant has not fully complied with said Order.

3. The judgment and Order were communicated to Defendant by a variety of means and Defendant acknowledged said judgment and Order including email, making statements to the press namely main stream media.

4. Further, the State of Florida, Office of Financial Regulation (the"Office"), is the state agency charged with administration and enforcement of Chapter 494, Florida Statutes, and the rules promulgated thereunder. The Office has jurisdiction to bring administrative or civil action or referral for criminal prosecution, arising out of facts and circumstances not set forth in the Office Examination No. 20030500072. The Office expressly reserved all rights to pursue any administrative action or remedy available to it should a cause of action exist, now or in the future.

5. The "Office" issued a Final Order during Administrative Proceeding Number 0067-F-5/03.

6. Defendant failed to comply with paragraph 8 of this Courts' Order requiring that Notice and Claim Forms, which were approved by the Court, be mailed to all persons on the class member list

via first class mail, postage prepaid. **Defendant used erroneous P.O. Box 9404 which came back**

**return to sender as declared an employee of Gilardi & Co. LLC. Please see exhibit # 1**

7. **Gilardi** was appointed by this Honorable Court as Settlement Administrator in the above-captioned matter. "Order Preliminarily Approving Class Action Settlement, **Conditionally** Certifying Class for Settlement Purposes.

8. <u>During</u> the **Collective Investigations and Examinations by numerous government agencies**

**and Congressional hearings concerning Defendants' alleged conduct plaintiff**

**Rosa Lee Sutton Holmes was in Bankruptcy in the Southern District of Florida, of which Defendant received payment(s) through the Standing Chapter13 Trustee Robin R. Weiner**

**Esq. ("Trustee").** Case No. 98-30314SHF Plaintiff completed every payment under the Plan. However, Defendant misapplied payments to unauthorized fee(s) and the bank never received said payment(s).

9. Plaintiff was **discharged from Bankruptcy on October 21, 2003.**

10. **This Honorable Courts' Order was issued in the above referenced Case on November 21, 2003. The Defendant had ample Notice from the United States Bankruptcy Court regarding Plaintiffs' discharge from Bankruptcy and Orders from this Honorable Court to comply with** the provisions regarding sending Monthly Statements and Coupon Book to Plaintiff after Notice of Discharge sent to Defendant by Trustee.

11. Plaintiff understands that various <u>jurisdictional issues are involved in this case.</u>

12. Defendant Select Portfolio Servicing **alleged they assigned servicing rights to Aames Home Loan November 30, 2004. However, Aames Home Loan filed the original "Proof of Claim" in the above referenced Bankruptcy Case.**

13. Plaintiff alleges that <u>DEFENDANT AND THEIR ATTORNEY HAVE CONTINUED TO VIOLATE THIS COURTS PERMANENT INJUNCTION SINCE NOVEMBER 21, 2003.</u>

14. As evidenced from the accompanying Affidavit of one Trica M.. Solorzano of Gilardi & Co. LLC ("Gilardi") and attached as Exhibit #1, **Defendant has not complied with the Order and**

continues to cause Plaintiff Rosa Lee Sutton Holmes Damages.

**WHEREFORE, plaintiff by this motion respectfully request that this Honorable Court issue a Rule to Show Cause why Defendant, Select Portfolio Servicing should not be held in contempt for its continued failure to comply with the Order of Permanent Injunction entered by the Court. <u>Morever, plaintiff Rosa Lee Sutton Holmes respectfully request this Honorable Court enter an Emergency Cease and Desist Order.</u>**

The undersigned certify that a copy hereof has been furnished to ALL interested parties.

*/s/ Rosa Lee Sutton Holmes*
Rosa Lee Sutton Holmes
1365 West 6th Street,
Riviera Beach, Florida, 33404
(561)848-3120
Tyrone357_adelphia1@comcast.net